```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

KIMBERLIE ERICKSON,                :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :      CASE NO. 3:08CV973(AWT)
                                   :
STAPLES INC., ET AL.,              :
                                   :
     Defendants.                   :
```

### RULING ON DISCOVERY MOTIONS

Pending before the court are the defendants' Motion for Protective Order and Request for Costs (doc. #32), the plaintiff's Motion to Compel Re: Fourth Set of Discovery (doc. #34), and the plaintiff's Motion to Compel Re: Fifth Set of Discovery (doc. #36). The court held oral argument on November 12, 2009.

<u>Defendants' Motion for Protective Order, doc. #32</u>

The defendants' motion is granted at this time without prejudice to reconsideration at a later date. The plaintiff shall attempt to obtain the information she seeks by other means. The parties shall confer in good faith to resolve this dispute. Possible resolutions could include the negotiation of a stipulation acceptable to both parties and/or the scheduling of a 30(b)(6) deposition of a witness familiar with the company's information technology.

Both parties' requests for attorney's fees are denied.

<u>Plaintiff's Motion to Compel, doc. #34</u>

The defendants' objections are overruled and the motion is

GRANTED as to Interrogatory #2 and Document Requests #5, #6, #13 and #14.

As to Document Request #11, the motion is GRANTED IN PART and DENIED IN PART. The defendants shall produce any evaluations of Ms. Browne based on her handling of plaintiff's case, any information in the file regarding Ms. Browne's background and experience, and any information in the file relating to prior complaints of discrimination against Ms. Browne.

Plaintiff's Motion to Compel, doc. #36

The defendants' objections are overruled and the motion is GRANTED as to Interrogatories #2 and #6 and Document Requests #7, #8, #9, #12 and #13. As to Interrogatory #2, the defendants shall provide a written, sworn response.

As to Document Request #2, the defendants shall produce those items from the individuals' personnel files which are responsive to the categories set forth in Interrogatory #2, as well as any evaluation of those employee conducted by Mr. McGrath.

As to Interrogatory #1 and Document Request #1, the motion is GRANTED IN PART and DENIED IN PART. Unlike the request at issue in Hollander v. American Cyanamid Co., which sought information about "similarly situated persons, management personnel over forty years old," 895 F.2d 80, 84 (2d Cir. 1990), this request is not limited to similarly situated individuals but encompasses all employees of any rank or position nationwide.

2

The defendants also raise a burdensomeness objection, noting that they have over 35,000 employees nationwide and that the highly specific information sought by the plaintiff is not tracked in any easily searchable form.  In light of the overbreadth of the request, and the defendant's burdensomeness objection, the defendants are ordered to respond to Interrogatory #1 only as to PIPs issued by Mr. McGrath and by supervisors reporting directly to Mr. McGrath.  Likewise, as to Document Request #1, the defendant shall produce the personnel files of every employee who was issued a PIP by Mr. McGrath or by a supervisor reporting directly to Mr. McGrath.  See generally Duck v. Port Jefferson School District, No. 07CV2224(ADS)(WDW), 2008 U.S. Dist. LEXIS 39695, *8-11 (E.D.N.Y. May 14, 2008).

The motion was WITHDRAWN by counsel as to Interrogatories #3, #4, and #5.

As to Document Request #3, the motion is GRANTED IN PART and DENIED IN PART.  The defendants shall produce any evaluations of Mr. McGrath based on his handling of plaintiff's case, any information in the file regarding Mr. McGrath's background and experience, and any information in the file relating to prior complaints of discrimination against Mr. McGrath.

SO ORDERED at Hartford, Connecticut this 24th day of November, 2009.

```
       _____/s/_____
       Donna F. Martinez
       United States Magistrate Judge
```