```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

KIMBERLIE ERICKSON,             :
                                :
     Plaintiff,                 :
                                :
     v.                         :    CASE NO. 3:08CV973(AWT)
                                :
STAPLES INC., ET AL.,           :
                                :
     Defendants.                :
```

RULING ON MOTION TO COMPEL

Pending before the court is the plaintiff's Motion to Compel, doc. #51.  Oral argument was held on December 16, 2009.

During the hearing, plaintiff's counsel narrowed her earlier request.  She now seeks to compel the production of emails sent to or from the plaintiff, or on which the plaintiff was copied, for the period of October 1, 2006 to July 20, 2007.  The Motion to Compel is granted as to that narrowed request.

The defendants raise a burdensomeness objection, but that objection is unsupported by evidence.  "Under well-settled law, the party resisting production bears the responsibility of establishing undue burden."  Michanczyk v. Metropolitan Life Ins. Co., No. 3:05CV1903, 2007 U.S. Dist. LEXIS 21197 at *5-6 (D. Conn. Mar. 26, 2007).  The defendants have made no showing as to the nature and extent of the actual burden they would face in responding to the plaintiff's requests.  See, e.g., In re In-Store Advertising Sec. Lit., 163 F.R.D. 452, 455 (S.D.N.Y. 1995) ("If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the

assertion through competent evidence.").  In the absence of any showing, the court cannot sustain the defendants' burdensomeness objection.  The other objections advanced by the defendants are also overruled.

The plaintiff's Motion to Compel, doc. #51 is GRANTED.

SO ORDERED at Hartford, Connecticut this 17th day of December, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge