```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

KIMBERLIE ERICKSON,                :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :      CASE NO. 3:08CV973(AWT)
                                   :
STAPLES INC., ET AL.,              :
                                   :
     Defendants.                   :

                    RULING ON MOTION TO DETERMINE
             SUFFICIENCY OF ANSWERS TO REQUESTS TO ADMIT

Pending before the court is the plaintiff's Motion to Determine Sufficiency of Answers to Requests to Admit, doc. #67. The motion asks the court to determine the sufficiency of defendants' responses to nearly 70 requests to admit. Oral argument was held on December 16, 2009.  At the argument, counsel agreed that they would confer and submit a smaller sample of requests to admit for the court's determination.

On January 12, 2010, counsel filed a Joint Notice of sample requests and responses for the court's consideration.  (Doc. #90.)[1]  The court now rules on the sample requests, leaving counsel to resolve the remaining requests between themselves in light of the court's ruling.

Fed. R. Civ. P. 36 provides that a party responding to

---

[1] Also on January 12, the plaintiff filed a set of exhibits. (Doc. #95.)  The filing explains that these documents "should have been attached" to her original Motion to Determine Sufficiency. (Id.)   The exhibits consist of letters that are referenced in the Requests to Admit, some of which were erroneously omitted from the plaintiff's original Motion to Determine Sufficiency.  The court therefore relies on doc. #95 in ruling on the requests to admit.

requests for admission may either admit, deny, object to the request with the reasons therefor, or set out in detail the reasons why he or she cannot respond. "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).

> An admission may require qualification when the request
> is ostensibly true, but the responding party cannot in
> good faith admit it without some necessary contextual
> explanation to remedy any improper inferences. When
> good faith requires that a party qualify an answer or
> deny only part of a matter, the answer must specify the
> part admitted and qualify or deny the rest.

7 Moore's Federal Practice ("Moore's") § 36.11 (3d ed.). The party opposing a motion to determine sufficiency bears the burden of persuading the court that its objection is warranted or that its answer is sufficient. Moore's § 36.12.

> A motion to determine the sufficiency of a response to
> a request for admission is not to be used as an attempt
> to litigate the accuracy of a response. Rule 36 does
> not authorize the court to make determinations on the
> accuracy of responses before trial. Nor may a court
> order that the subject matter of a request be admitted
> because the opposing party's denial is unsupported by
> evidence.

Id. Fed. R. Civ. P. 37(c)(2) provides that a party who refuses to admit a matter in response to a Rule 36 request can, under certain circumstances, be held liable for expenses incurred by the opposing party in proving that particular matter at trial.

    <u>Request #1.</u> The defendants' response is sufficient. The

request to admit paraphrases, rather than directly quotes, the letter at issue.  It is also imprecise in its use of the phrase "informed the Defendants."  The defendants properly qualified their response.

Request #2.  The defendants are ordered to admit or deny this request, stating whether they admit that this is a true and accurate copy of the letter.  If they disagree with the plaintiff's description of the letter, they may qualify their response by providing their own description that corrects any perceived imprecision in the request.

Request #5.  The defendants' response is sufficient.  The request to admit loosely paraphrases, rather than directly quotes, the letter at issue.  The defendants therefore properly qualified their response.

Request #9.  The defendants' response is sufficient.  The request to admit loosely and somewhat inaccurately paraphrases the facts.  The defendants therefore properly qualified their response.

Request #13.  The defendants' response is sufficient.  The request to admit loosely and somewhat inaccurately paraphrases, rather than directly quotes, the letter at issue.  The defendants therefore properly qualified their response.

Request #15.  The defendants' response is sufficient.  The request to admit loosely and somewhat inaccurately paraphrases, rather than directly quotes, the letter at issue.  The defendants

therefore properly qualified their response.

Request #26. The defendants' response is sufficient. The request to admit is imprecise in its use of the phrase "took corrective action." The defendants therefore properly qualified their response.

Request #30. The defendants' response is sufficient. The request to admit loosely paraphrases, rather than directly quotes, the letter at issue. The defendants therefore properly qualified their response.

Request #31. The defendants' response is sufficient. The request to admit contains a partial quotation from a letter but inaccurately suggests that the quotation constitutes the entire content of the response at issue. The defendants therefore properly qualified their response.

Request #32. The defendants' response is sufficient. The request to admit contains a partial quotation from a letter but inaccurately suggests that the quotation constitutes the entire content of the response at issue. The defendants therefore properly qualified their response.

Request #44. The defendants' objection is overruled, because the request is relevant within the meaning of Fed. R. Civ. P. 26(b)(1). The defendants have responded notwithstanding their objection, and that response is sufficient.

Request #45. The defendants' objection is overruled, because the request is relevant within the meaning of Fed. R.

Civ. P. 26(b)(1). The defendants have responded notwithstanding their objection, and that response is sufficient.

Request #48. The defendants' objection is overruled, because the request is relevant within the meaning of Fed. R. Civ. P. 26(b)(1). The defendants have responded notwithstanding their objection, but the court finds their response to be insufficient. Although the plaintiff's request might be somewhat imprecise in its use of the phrase "sent to," the defendants are ordered to admit or deny this request, stating whether they admit that this is a true and accurate copy. Rather than stating that the document speaks for itself, if the defendants do not admit that it was "sent to" Staples Northeast Distribution Center, they may qualify their response as to that portion of the request.

Request #50. The defendants' objection is overruled, because the request is relevant within the meaning of Fed. R. Civ. P. 26(b)(1). The defendants have responded notwithstanding their objection, and that response is sufficient. The request to admit imprecisely summarizes facts and loosely paraphrases, rather than directly quotes, the document at issue. The defendants therefore properly qualified their response.

Request #53. The defendants' objection is overruled, because the request is relevant within the meaning of Fed. R. Civ. P. 26(b)(1). The defendants have responded notwithstanding their objection, and that response is sufficient. The request to admit loosely paraphrases, rather than directly quotes, the

document at issue.  The defendants therefore properly qualified their response.

Request #57.  The defendants' objection is overruled, because the request is relevant within the meaning of Fed. R. Civ. P. 26(b)(1).  The defendants have responded notwithstanding their objection, and that response is sufficient.  The request to admit is somewhat imprecise in identifying the signatory, and the defendants therefore properly qualified their response.

As to the defendants' statement about Bates numbers, if the defendants do not know whether the document is authentic, they are entitled to state the reasons why they cannot, in good faith, admit or deny its authenticity.

The plaintiff's brief argues that the defendants' response is disingenuous because they are well aware of where the document originated.  It is not the court's role at this stage, without competent evidence, to resolve this factual dispute.  If, as a matter of good faith, the defendants know whether the document is authentic, they shall amend their response.

Request #74.  The defendants' objection is overruled, because the request is relevant within the meaning of Fed. R. Civ. P. 26(b)(1).  The defendants have responded notwithstanding their objection, and that response is sufficient.  The request to admit loosely quotes only a portion of the document at issue, suggesting that the previous violation was at the same location rather than at a different workplace.  The defendants therefore

properly qualified their response.

Request #75. The defendants' objection is overruled, because the request is relevant within the meaning of Fed. R. Civ. P. 26(b)(1). The defendants have responded notwithstanding their objection, and that response is sufficient. The request to admit loosely paraphrases the document at issue and ignores the employer's right to contest the citation. The defendants therefore properly qualified their response.

The plaintiff's Motion to Determine Sufficiency of Answers to Requests to Admit, doc. #67, is GRANTED IN PART AND DENIED IN PART, as set forth herein. The motion is denied without prejudice as to all requests not discussed herein. In light of this ruling, counsel shall confer to resolve their dispute as to all remaining requests.

SO ORDERED at Hartford, Connecticut this 27th day of January, 2010.

```
          _____/s/_____
          Donna F. Martinez
          United States Magistrate Judge
```