```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
------------------------------x
                              :
KIMBERLIE ERICKSON,           :
                              :
        Plaintiffs,           :
                              :
v.                            :       Civil No. 3:08CV973(AWT)
                              :
STAPLES, INC., and STAPLES,   :
THE OFFICE SUPERSTORE         :
EAST, INC.,                   :
                              :
        Defendants.           :
                              :
------------------------------x
```

**ORDER RE MOTION FOR SUMMARY JUDGMENT**

For the reasons set forth below, Defendants' Motion for Summary Judgment (Doc. No. 112) is hereby GRANTED in part and DENIED in part. Summary judgment will enter in favor of the defendants with respect to Count Four.[1]

**I. Count One: Conn. Gen. Stat. § 31-51q (Retaliatory Discharge)**

The motion is being denied as to Count One because genuine issues of material fact exist, inter alia, as to whether the plaintiff's speech regarding safety concerns and/or the defendants' compliance with the tax laws was speech on a matter of public concern[2] and as to whether a causal connection exists

---

[1] Count Two and Count Five have been withdrawn.

[2] Including as to whether, the plaintiff's speech was pursuant to her official duties, assuming arguendo that Garcetti even applies.

-1-

between protected speech by the plaintiff and the plaintiff being disciplined and discharged.

**II. Count Three: Conn. Gen. Stat. § 31-72 (Claim for Wages)**

The motion is being denied as to Count Three because genuine issues of material fact exist as to whether the claim for wages accrued within the two-year limitations period for such a claim under Conn. Gen. Stat. § 52-596, and as to whether the defendants made a binding promise to give the plaintiff a raise.

**III. Count Four: Wrongful Discharge**

The motion is being granted as to Count Four. "Where a statutory remedy exists for an alleged discharge in violation of public policy, it precludes a common law wrongful discharge action." Trusz v. UBS Realty Investors, Civ. No. 03:09cv268, 2010 WL 1287148 at *11 (D. Conn. Mar. 30, 2010). Here, the plaintiff can bring (and has in fact brought) a claim pursuant to Conn. Gen. Stat. § 31-51q based on the termination of her employment. Therefore, the plaintiff's common law claim for wrongful discharge is precluded.

**IV. Counts Six and Seven: Title VII and CFEPA Retaliation**

The motion is being denied as Count Six and Count Seven because a genuine issue of material fact exists as to whether there was a causal connection between the plaintiff engaging in protected activity and adverse employment action by her employer.

**V.   Claims for Punitive Damages**

The motion is being denied with respect to the plaintiff's claims for punitive damages because genuine issues of material fact exist as to whether the defendants acted with malice or with reckless indifference to the plaintiff's the federally protected rights (see 42 U.S.C. § 1981a(b)(1)), and as to whether the defendants acted with a reckless indifference to the plaintiff's rights or intentionally and wantonly violated her rights. (See Conn. Gen. Stat. § 31-51q; Arnone v. Enfield, 79 Conn. App. 501, 521 (Conn. App. 2003)).

It is so ordered.

Dated this 26th day of September, 2011, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge